J-S25033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL HAWKINS, | |
| Appellant | No. 1668 WDA 2014 |

Appeal from the Judgment of Sentence September 30, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0011151-2009

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MAY 19, 2015**

Appellant, Earl Hawkins, appeals from the judgment of sentence entered following his resentencing pursuant to the United States Supreme Court's decision in **Miller v. Alabama** 132 S. Ct. 2455, 2460 (2012) and the Pennsylvania Supreme Court's decision in **Commonwealth v. Batts**, 66 A.3d 286, 297 (Pa. 2013). On appeal, Appellant challenges the discretionary aspects of sentence. For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from the sentencing court's opinion and from our opinion on Appellant's first

_____

[*] Retired Senior Judge assigned to the Superior Court.

direct appeal.  (*See* Sentencing Court Opinion, 1/15/15, at 1-16; *see also* *Commonwealth v. Hawkins*, No. 1448 EDA 2012, unpublished memorandum at *2-11 (Pa. Super. filed August 20, 2013) (quoting Trial Court Opinion, 2/01/13, at 2-16)).

We briefly note that, on March 1, 2009, Appellant, then a juvenile, persuaded James Owens and Jamie Glozzer to assist him in robbing Brandon Sheetz.  Glozzer was reluctant to participate but agreed when Appellant pulled a gun on him.  The three men dressed in dark clothing, and Appellant and Owens had white masks over their faces.  Both Appellant and Owens were armed.  The men knocked on Sheetz's door and, when he answered, Appellant pointed a gun at his head.  Appellant and Sheetz struggled over possession of the gun, and, during the struggle, the gun went off, killing Owens and injuring Sheetz.  As Sheetz lay on the ground, Appellant fired the gun at Sheetz's head but missed.  Appellant and Glozzer both fled the scene. The police apprehended Appellant shortly thereafter.

Subsequently, the police became aware of Glozzer's involvement. Glozzer gave two complete statements to the police and then entered into an agreement with the Commonwealth to plead guilty to murder in the third degree in exchange for his testimony against Appellant.  Appellant knew about Glozzer's agreement and, while both were incarcerated, Appellant engaged in a persistent campaign to induce Glozzer to retract his statement and tell the police that Appellant was not involved in the shooting.  After

being harassed and threatened by other inmates, Glozzer signed his name to a statement saying that he was threatened by police and that Owens forced Appellant to participate in the robbery. However, Glozzer ultimately gave the threatening notes from Appellant to his lawyer, told counsel he was forced to sign a statement recanting his prior statement, and testified against Appellant at trial.

Following trial, the jury found Appellant guilty of murder in the second degree, aggravated assault, robbery, firearms not to be carried without a license, and conspiracy. The trial court found Appellant guilty of person not to possess a firearm. On June 28, 2011, the court sentenced Appellant to an aggregate term of incarceration of not less than life without parole plus a consecutive term of incarceration of not less than thirteen and one-half nor more than twenty-seven years.

Appellant appealed. On August 20, 2013, we rejected Appellant's suppression and weight of the evidence claims but vacated the judgment of sentence and remanded for resentencing in light of *Miller* and *Batts*. (*See Hawkins*, *supra* at 21); *see also Miller*, *supra* at 2460; *Batts*, *supra* at 297. We specifically "direct[ed] the [sentencing] court's attention to the recently enacted sentencing scheme set forth by our legislature in 18

Pa.C.S.[A.] § 1102.1 **for guidance**."[1]  (**Hawkins**, **supra** at 21 (emphasis added)).

Following receipt of a new pre-sentence investigation report (PSI), on September 30, 2014, the court resentenced Appellant to an aggregate term of incarceration of not less than thirty-four years nor more than life.  (**See** N.T. Sentencing, 9/30/14, at 155-57; **see also** Sentencing Ct. Op., at 2-3). On October 6, 2014, Appellant filed a post-sentence motion, which the sentencing court denied on October 8, 2014.  The instant, timely appeal followed.  Although not ordered to do so by the sentencing court, Appellant filed a concise statement of errors complained of on appeal on October 9, 2014.  **See** Pa.R.A.P. 1925(b).  On January 15, 2015, the sentencing court filed an opinion.  **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

> 1.  Did the [sentencing] court err in denying Appellant's post sentencing motion[] since Appellant's murder 2 sentence of 30 years to life imprisonment, and aggregate sentence of 34 years to life imprisonment (which included 5 consecutive sentences), were manifestly excessive since he showed genuine remorse for his crimes, he was taking steps to rehabilitate himself and demonstrated that he was a changed person, and it is unreasonable to believe that it will take another 28.65 years for Appellant to reach the point at which he can return to and become a productive and positive member of society?

(Appellant's Brief, at 3).

_____

[1] The new sentencing scheme set forth in 18 Pa.C.S.A. § 1102.1 applies "only to minors convicted of murder on and after the date **Miller** was issued (June 25, 2012)."  **Batts**, **supra** at 293 (citations omitted).

In the appeal, the Appellant challenges the discretionary aspects of his sentence.[2] (*See id.* at 15-24). The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[. . . .]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the

---

[2] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. (*See* Post Sentencing Motions, 10/06/14, at 6); *see also McAfee*, *infra* at 275.

appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in his brief. (***See*** Appellant's Brief, at 12-14). He argues that the sentence was manifestly excessive and unreasonable because the sentencing court failed to consider certain mitigating factors, imposed four consecutive sentences in addition to the sentence for murder in the second degree, did not provide sufficient reasons to justify the sentence, and based its sentence solely on the seriousness of the crime. (***See id.*** at 12-13).

Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Initially, we hold that Appellant waived his claims that the sentencing court unreasonably imposed consecutive sentences, did not provide sufficient reasons to justify the sentence, and based it solely on the seriousness of the crime. Appellant did not raise these claims in his post-sentence motion, in which he only raised the issue that the sentence was manifestly excessive because the sentencing court did not consider

mitigating factors such as Appellant's remorse and rehabilitation while incarcerated. (**See** Post Sentencing Motions, 10/06/14, at 6). An appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; further, an appellant cannot raise an issue for the first time on appeal.[3] **See Commonwealth v. Mann**, 820 A.2d 788, 793-94 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); **see also** Pa.R.A.P. 302(a); **Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal). Thus, Appellant did not preserve these claims for our review and we deem them waived.

Appellant claims that his sentence was unreasonable and excessive[4] because the sentencing court did not consider mitigating factors. (**See** Appellant's Brief, at 20-24).

_____

[3] We note that Appellant did raise the issue regarding the imposition of consecutive sentences in his Rule 1925(b) statement. (**See** Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 10/09/14, at 6). However, an appellant cannot raise issues for the first time in a Rule 1925(b) statement. **See Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived).

[4] We note that, at sentencing, the parties and the sentencing court agreed that the sentencing guidelines did not apply because Appellant's conviction occurred prior to the decision in **Miller**, and the changes to 18 Pa.C.S.A. §

*(Footnote Continued Next Page)*

We note that a bald claim of an excessive sentence does not generally raise a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1269 (Pa. Super. 2013) (*en banc*), *appeal denied*, 91 A.3d 161 (Pa. 2014). However, this Court has held that a claim of excessiveness in conjunction with a claim that the sentencing court did not consider mitigating factors presents a substantial question. **See Gonzalez**, **supra** at 731 (citing **Dodge**, **supra** at 1272); **see also Commonwealth v. Zeigler**, --- A.3d ---, 2015 WL 1268158, at *5 (Pa. Super. filed March 20, 2015). We will therefore address the merits of Appellant's claim.

In the instant matter, the sentencing court had the benefit of a PSI. We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a presentence investigation report [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

**Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (some internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI. (**See** N.T. Sentencing, 9/30/14, at 6).

Additionally, Appellant has not demonstrated that his sentence was manifestly excessive because the sentencing court failed to consider

*(Footnote Continued)* ───────────────

1102.1 only apply to those convicted after **Miller**. (**See** N.T. Sentencing, 9/30/14, at 4, 113).

mitigating factors. Appellant presented four witnesses at the sentencing hearing. Randolph A. Matuscak, a forensic social worker who prepared the new PSI, testified as an expert. (*See id.* at 7-43). Appellant's mother, father, and a cousin also testified. (*See id.* at 44-64). Further, Appellant testified on his own behalf. (*See id.* at 64-107). This testimony detailed Appellant's neglected and violent childhood and the positive changes Appellant made in his life since entering prison. (*See id.* at 7-107). The Commonwealth read into the record a letter written by the victim's mother, who also testified regarding the impact of Appellant's crime on her family. (*See id.* at 108-12).

Based upon all of this evidence, the sentencing court handed down a sentence of not less than thirty years nor more than life imprisonment for murder in the second degree. (*See id.* at 155). In so doing the sentencing court followed this Court's mandate to consider the sentencing scheme at 18 Pa.C.S.A. § 1102.1, and sentenced Appellant in accordance with that scheme. (*See Hawkins*, *supra* at 21); *see also* 18 Pa. C.S.A. § 1102.1(c)(1). Further, the court cut the consecutive sentences from the not less than thirteen and one-half nor more than twenty-seven years of incarceration imposed originally to not less than four nor more than eight years of incarceration. (*See id.* at 156). This was much closer to the twenty-five years to life requested by Appellant and much lower than the fifty years to life requested by the Commonwealth. (*See id.* at 144, 150).

The sentencing court engaged in a detailed discussion of the purposes of sentencing, the evidence presented, and its attempt to balance the heinousness of the crimes against the positive changes Appellant made while incarcerated, thus explaining its reasons for the sentence. (*See id.* at 123-55).

Clearly, the gist of Appellant's argument is not that the sentencing court did not consider the relevant sentencing factors, but rather that the court did not weigh them as much in his favor as he wished. (*See* Appellant's Brief, at 21-24). Our review of the record does not show that the sentencing court abused its discretion or that it entered a manifestly unreasonable sentence. *See Zeigler*, *supra* at \*5 (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); *Commonwealth v. Raven*, 97 A.3d 1244, 1253-55 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (holding sentence not manifestly unreasonable where sentencing court reviewed PSI, heard testimony on behalf of defendant, and reviewed letters and victim impact statements, thus showing court had considered all mitigating information). Appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2015